## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

IN RE:

CDA AUTOMOTIVE REPAIRS LLC


Debtor(s)

NOEMI LANDRAU RIVERA
CHAPTER 7 TRUSTEE

Plaintiff

vs.

RHAMSES CARAZO VILLA, ALICIA
FORASTIERI, CONJUGAL
PARTNERSHIP CARAZO-FORASTIERI


Defendants

CASE NO.  13-03672

Chapter   7

Adversary No. 13-00154




FILED & ENTERED ON 06/20/2014

### OPINION AND ORDER

Before the court is Plaintiff/Trustee's Motion Requesting this Court to Reconsider its January 2, 2014 Dismissal Order [Dkt. No. 18]; Defendant's Opposition to Plaintiff's Motion [Dkt. No. 19]; Plaintiff's Reply to Defendant's Opposition [Dkt. No's. 20, 21]; and, Defendant's Sur-Reply to Plaintiff's Reply [Dkt. No. 22, 25]. For the reasons stated herein, Plaintiff's Motion Requesting this Court to Reconsider its January 2, 2014 Dismissal Order is hereby DENIED.

"A 'motion to reconsider' is not among the motions recognized by the Federal Rules of Civil Procedure." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991).  The federal courts

have consistently stated that a motion so denominated which challenges the prior judgment on the merits will be treated as either a motion 'to alter or amend' under the Federal Rules of Civil Procedure, Rule 59 or a motion for 'relief from judgment' under Rule 60. Equity Security Holders' Committee v. Wedgestone Financial, 152 B.R. 786, 788 (Bkrtcy.D.Mass.1993). "These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e).[1] If the motion is served after that time it falls under Rule 60(b)." Van Skiver, supra, 952 F.2d at 1243 (10th Cir.1991); In re Rodriguez, 233 B.R. 212, 218–19 (Bankr.D.P.R. 1999). Although the Plaintiff does not specifically state under which Rule she is requesting reconsideration, the timing of her motion falls within the purview of Fed.R.Civ.P. 59(e), which is made applicable to bankruptcy cases by the Federal Rules of Bankruptcy Procedure, Rule 9023.

The First Circuit has recognized that "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 2–Zet–Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15–16 (1st Cir.2006); In re PMC Mktg. Corp., 09-02048, 2013 WL 4602763 (Bankr.D.P.R. Aug. 29, 2013). Accordingly, a Rule 59(e) motion for reconsideration usually cannot be granted absent highly unusual circumstances, unless the court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. See Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir.2008); see also Rivera Surillo & Co. v. Falconer Glass Indus., Inc.,

---

[1] The Rules now allow for fourteen days instead of ten from the entry of judgment.

37 F.3d 25, 29 (1st Cir.1994) (citing F.D.I.C. Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir.1992); Marlyn Nutraceuticals, Inc. v. MucosPharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (quoting 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir.1999)).

After considering the arguments raised by both parties, this Court finds that Plaintiff's Motion neither provides the Court with genuine reasons why it should revisit the prior dismissal Order, nor compelling facts or law in support of reversing the prior decision. In essence, Plaintiff argues is that the court should have granted her request for leave to amend the complaint in lieu of dismissal.

Plaintiff buttresses the above stated  plea with the proposition that her motion for leave to amend should have been viewed by the court as a response to Defendant's motion to dismiss.  The court disagrees. Generally, procedural law comprises the set of rules that govern proceedings of the court. Courts abide by these standards in order to ensure fair practice and consistency in the "due process." Substantive law defines and restricts the rights and obligations of individual parties. This case was dismissed on procedural grounds as a result of Plaintiff's quiescence in the face of a duly notified motion to dismiss. Despite Plaintiff's stance, the court does not construe her motion to for leave to amend as a proper response to the Defendant's motion to dismiss.

Regardless, Plaintiff contends that amendments as of right to pleadings should be granted liberally under Federal Rules of Civil Procedure, Rule 15(a). The Federal Rules were amended in 2009 with a newly added provision. This provision, under Rule 15(a)(1)(B), mandates that the right to amend once as a matter of course terminates twenty-one ( 21) days after service of a motion under Federal Rules of Civil Procedure, Rule 12(b), (e), or (f) . Plaintiff filed her complaint on July 26, 2013. Under the applicable section of Fed.R.Civ.P. 15(a)(1), Plaintiff's right to amend its complaint as a matter of course expired long before she decided to file a motion to amend on December 13,

2013. If the court is to revisit and grant the motion to amend, this act will unnecessarily prejudice the opposing party and would in turn burden judicial economy.  See e.g., In re Efron, 495 B.R. 166, 180 (Bankr. D.P.R. 2013).

In the reconsideration, Plaintiff does not explain why she never opposed the Defendant's motion to dismiss. In this Circuit, "[a] party's failure, on account of ignorance or neglect, to timely oppose a motion in the district court constitutes forfeiture." Crispin-Taveras v. Municipality of Carolina, 647 F.3d 1, 7 (1st Cir. 2011) (citing Rivera–Torres v. Ortiz Velez, 341 F.3d 86, 102 (1st Cir.2003)). Through that procedural failure, Plaintiff forfeited all arguments in opposition to the motion to dismiss. Moreover, the Plaintiff has not "clearly establish a manifest error of law or… present newly discovered evidence." Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n.2 (1st Cir. 2004)). Because the Plaintiff has failed to establish the legal requirements for reconsideration, this Court finds that the Plaintiff is not entitled to reconsideration under Federal Rules of Bankruptcy Procedure, Rule 9023.

WHEREFORE, IT IS ORDERED that Plaintiff's Motion for Reconsideration be, and it hereby is, DENIED. The adversary case remains closed.

SO ORDERED

San Juan, Puerto Rico, this 20th day of June, 2014.

Brian K. Tester
U.S. Bankruptcy Judge